IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER RUSSELL<br>407 Station Avenue<br>Langhorne, PA 19047<br><br>*Plaintiff,*<br><br>v.<br><br>NESHAMINY SCHOOL DISTRICT<br>30 Harmony Road<br>Langhorne, PA 19047<br><br>*Defendant.* | No. _____<br><br>CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby files the following Complaint against the above-captioned Defendant:

### INTRODUCTION

1. Plaintiff has initiated this action to seek redress against Defendant, her former employer, for unlawful gender discrimination and other violations of applicable law.

### PARTIES

2. Plaintiff is Jennifer Russell ("Plaintiff"), an adult individual currently residing at the above address.

3. Defendant is a Pennsylvania School District with an address as captioned above.

4. At all times relevant hereto, Defendant acted by and through its agents, servants, and employees, each of whom, at all times relevant hereto, acted within the scope of his or his job duties.

## JURISDICTION and VENUE

5. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

6. The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

7. The United States District Court for the Eastern District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

8. The Court may also maintain supplemental jurisdiction over state law claims set forth herein (or later added) pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

9. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant is located in and conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiff was employed in the Eastern District of Pennsylvania at the time of the illegal actions set forth herein).

## PROCEDURAL and ADMINISTRATIVE REMEDIES

10. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

11. Plaintiff has satisfied the procedural and administrative requirements for proceeding with an action under Title VII and the Pennsylvania Human Relations Act.

12. Plaintiff filed a timely written charge of discrimination with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission.

13. The Equal Employment Opportunity Commission issued a dismissal and notice of rights on or about March 26th, 2018.

14. The instant action is filed ninety (90) days or less after the receipt of the aforesaid issuance of a Right to Sue Letter.

15. The aforementioned charge was timely cross-filed with the Pennsylvania Human Relations Commission.

16. Plaintiff has exhausted her federal administrative remedies as to the allegations of the instant Complaint.

17. Plaintiff may seek leave to amend this Complaint to plead claims under the Pennsylvania Human Relations Act at the end of the law's statutory one-year waiting period, which claims are not yet ripe and which claims cannot be added to the instant Complaint at the time of its filing.

## FACTUAL BACKGROUND

18. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

19. Plaintiff is female.

20. In January of 2017, Plaintiff was hired and Defendant approved her for a position as a long-term substitute special education teacher at Albert Schweitzer Elementary School through June of 2017.

21. Plaintiff actually began her substitute work in the foregoing position in November of 2017 at a per diem rate prior to being hired by Defendant's school board in January.

22. Plaintiff received excellent reviews and recommendations from her supervising principal and special education supervisor.

23. In April of 2017, Plaintiff applied for anticipated contracted positions available for the upcoming school year.

24. Plaintiff attended three interviews at which notes were taken by each interviewer as to their thoughts and Plaintiff's responses to their questions.

25. The first interview was an entrance interview at which Plaintiff and approximately 99 other candidates met with 8 school administrators.

26. The second level interview involved preparing and defending an original lesson plan to two district curriculum developers, and also interviewing with three additional school administrators.

27. The third level interview was with the District's Superintendent, Joseph Jones.

28. The Superintendent made the final recommendation for Plaintiff's hiring, and some 3rd level interviewees were not recommended for a full-time contract/position.

29. On or about June 15th, 2017, Plaintiff received an email from Defendant's director of Human Resources (Theresa Hinterberger) congratulating her on being a successful candidate and stating that she would be recommended to the board for hire.

30. On or about June 16th, 2017, Plaintiff received another email (from Karen Morrow in Defendant's Human Resources department) congratulating her on her appointment, and asking her to provide personal information to set up benefits and insurance.

31. On or about June 20th, 2017, Plaintiff received a tentative 1st grade class list from Clarke Stoneback, the building principal at the Albert Schweitzer Elementary School.

32. On or about June 21st, 2017, Plaintiff received a telephone call from Superintendent Joseph Jones stating that in his 12 years as a superintendent he had never had to make such a call before.

33. Jones proceeded to tell Plaintiff that she was not board approved for the position for which she was recommended.

34. Jones told Plaintiff she was allegedly too highly educated, and thus allegedly overqualified for the position.

35. Jones also advised Plaintiff that he had not realized when he recommended her for hire that her level of education allegedly disqualified her. He said he hadn't received that direction from the school board prior to the meeting, but was informed of this at the board meeting.

36. Plaintiff asked Jones if she could be considered for an available long-term substitute position (like the one she had previously held) and he advised her "I will not put your name forward to the board now or in the future. You need to seek employment elsewhere, at other school districts."

37. Plaintiff immediately emailed her building Principal (Clark Stoneback), who quickly called her to express his apologies and disbelief.

38. Stoneback advised Plaintiff that the interview committee (of which he was a member) was tasked to find the best qualified candidates and were in fact never given any restrictions regarding education level.

39. Plaintiff later learned through the Teacher Union's President (Tara Huber) that the School Board initially approved all 19 recommended new hires (one of whom was Plaintiff). Later in the meeting, after all candidates had been hired, one board member (Stephan Pirritano) asked to revisit the employment of 3 female candidates who all had Master's degrees. The Board, which was missing two board members (member Robert Sanna had recently passed away and another member was absent) then unhired/fired Plaintiff and one other female.

40. Superintendent Jones publicly asked for direction from the Board and asked, "so we won't hire anyone with a Master's degree then?" This was an unusual question considering the board hired at least 6 other people with a Master's degree that night, and another 2 people whose level of education was not publicly disclosed.

41. One male, John Rocco, was hired at a Master's plus 30 credits at the top teacher salary in the district ($108,276). He taught special education, which Plaintiff is qualified to teach. Rocco was not working in the Defendant District previously, but rather at the Bucks County Intermediate Unit.

42. Another male, Clarke Stoneback, also had a Master's degree plus 30 credits and was hired at a salary of $99,806.

43. Another male, Perry Finkel, had a Master's degree and was hired to teach Pl<-4, which Plaintiff is also qualified to teach.

44. Four other males (Scott Blaydon, John McFadden, Matthew Smith, and Ryan Sweeney) were all hired to teach elementary school positions Plaintiff was also qualified to teach.

45. Defendant's failure to hire Plaintiff was based on her gender (female).

## COUNT I
### Title VII Violations (Discrimination and Retaliation)

46. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

47. The foregoing conduct by the Defendant constitutes unlawful discrimination and/or retaliation against Plaintiff on the basis of gender and violated Title VII of the Civil Rights Act of 1964 and other applicable law

48. As a result of the Defendant's unlawful discrimination and retaliation, Plaintiff has suffered damages as set forth herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in her favor and against Defendant and that it enter an Order as follows:

a. Defendant is to be permanently enjoined from discriminating or retaliating against Plaintiff on any basis prohibited under applicable federal and state law;

b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating or retaliating against employees based on any basis prohibited under applicable federal and state law and be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

c. Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits

illegally withheld from the date she first suffered discrimination at the hands of Defendant until the date of verdict;

d. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to his by Defendant's actions as permitted by applicable law;

e. Plaintiff is to be awarded punitive damages as permitted by applicable law;

f. Plaintiff is to be accorded any and all other statutory and equitable and legal relief as the Court deems just, proper, and appropriate;

g. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

h. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

i. Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure Defendant does not engage – or ceases engaging - in illegal retaliation against Plaintiff or other witnesses to this action;

j. The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

k. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of the Complaint in

accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

KOLMAN ELY, P.C.

/s/ Wayne A. Ely
Wayne A. Ely, Esquire
414 Hulmeville Avenue
Penndel, PA 19047
(T) 215-750-3134 / (F) 215-750-313

Date:  June 25, 2018